Bren K. Thomas (SBN 156226)
Elisabeth F. Whittemore (SBN 308436)
Jeremy D. Lewis    (SBN 332993)
JACKSON LEWIS P.C.
200 Spectrum Center Dr., Suite 500
Irvine, CA 92618
Telephone:  (949) 885-1360
Facsimile:  (949) 885-1380
Email:      bren.thomas@jacksonlewis.com
            elisabeth.whittemore@jacksonlewis.com
            jeremy.lewis@jacksonlewis.com

Attorneys for Defendant
NEW YORK LIFE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ISABEL ADAMS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, a New York corporation; DOES 1 to 20,<br><br>Defendants. | CASE NO.: 2:22-cv-4103<br><br>[*Removed from Los Angeles Superior Court, Case 21STCV39816*]<br><br>**DEFENDANT NEW YORK LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446**<br><br>Complaint Filed: October 28, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF ISABEL ADAMS, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant NEW YORK LIFE INSURANCE COMPANY ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1331, 1332, 1367, 1441(a) and 1441(b) to remove this action from the Superior Court of California for the County of Los Angeles based on federal question and diversity jurisdiction. In support thereof, Defendant asserts the following:

## I.    FEDERAL QUESTION AND DIVERSITY JURISDICTION

1.    This Court has original jurisdiction over the matter pursuant to 28 U.S.C. sections 1331, 1367, and 1441 and may be removed pursuant to section 1446 because this action arises, at least in part, under federal law–Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. and 42 U.S.C. § 1981 *et seq*.

2.    The Court also has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00 as to Plaintiff, exclusive of interest and costs.

## II.    TIMELINESS OF REMOVAL

3.    On or about October 28, 2021, Plaintiff ISABEL ADAMS ("Plaintiff") filed an action against Defendant titled "ISABEL ADAMS, an individual, Plaintiff vs. NEW YORK LIFE INSURANCE COMPANY, a New York corporation; DOES 1 to 20, Defendants," in the Superior Court of the State of California, County of Los Angeles - Central District, Case No.: 21STCV39816. (the "State Court Action."). (Declaration of Elisabeth F. Whittemore ("Whittemore Decl." ¶ 2, Exh. A.) In the Complaint, Plaintiff asserts the following causes of action: (1) Hostile Work Environment [Title VII of the Civil Rights Act of 1964]; (2) Discrimination [Title VII of the Civil Rights Act of 1964]; (3) Retaliation [Title VII of the Civil Rights Act of 1964]; (4) Wrongful Termination [Title VII of the Civil Rights Act of 1964]; (5) Hostile Work Environment Based on Race [42 U.S.C. § 1981]; (6) Wrongful Termination [California Civil Code § 51]; (7) Retaliation [Labor Code § 1102.5]; (8) Interference With Contract; (9) Interference With Prospective Economic Advantage; and (10) Unfair Business Practices. (*Id*.)

4.    On April 25, 2022, Defendant was provided with the Summons and Complaint along with the Notice of Acknowledgment of Receipt. (*Id*. at ¶ 4, Exh. A.) Defendant returned the Acknowledgment of Receipt on May 16, 2022.  (*Id*. at ¶ 5, Exh. B.)  *See Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349 (1999)

(holding that the removal deadline is triggered by the official service date assuming it can be ascertained from the complaint that the matter is removable).

5.     On June 14, 2022, Defendant filed its Answer to the Complaint in the Superior Court of California, County of Los Angeles.  (*Id.* at ¶ 6, Exh. C.)

6.     As of the date of this Notice of Removal, the Summons and Complaint, along with the Notice of Acknowledgment of Receipt – Civil, Notice of Case Assignment, Civil Case Cover Sheet, Notice of Confirmation of Electronic Filing, and Notice of Case Management Conference, constitute all of the pleadings received or filed in this matter and no further proceedings have been had in the state court as of June 14, 2022.  (*Id.* at ¶ 7.)

7.     This removal is timely because it has been filed within thirty (30) days after Defendant was effectively served on May 16, 2022, and it is therefore filed within the time period mandated by 28 U.S.C. section 1446(b). The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349 (1999).

## III.    <u>VENUE IS PROPER</u>

8.     A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[s] . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff filed the Complaint in Superior Court of California for the County of Los Angeles.  Venue of this action, thus, lies in the United States District Court for the Central District of California—Western Division as this district "embrac[es] the place where" the state action is pending. 28 U.S.C. § 1441(a).

## IV.    <u>REMOVAL BASED ON FEDERAL QUESTION JURISDICTION</u>

9.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. sections 1331, 1367, and 1441(a) and (c), because the Complaint is a civil action arising

under the laws of the United States. Specifically, Plaintiff claims Defendant violated Title VII of the Civil Rights Act of 1964 in connection with the first, second, third, and fourth, causes of action for Hostile Work Environment in violation of Title VII, Discrimination in violation of Title VII, Retaliation in violation of Title VII, and Wrongful Termination in violation of Title VII, respectively. (Whittemore Decl., Exh. A, ¶¶ 12–43.) Plaintiff further alleges Defendant violated 42 U.S.C. § 1981 in connection with the fifth cause of action. (*Id*. at ¶¶ 45–56.)

10.    Because Plaintiff alleges violations of Title VII and 42 U.S.C. § 1981 on the face of her Complaint, and because Title VII and 42 U.S.C. § 1981 are federal law, the Complaint presents a "federal question." *See Holmes Grp, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (whether a case "arises under" federal law for original jurisdiction purposes is tested by the "well-pleaded complaint" rule which requires federal courts to consider only what necessarily appears in plaintiff's statement of his claim); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (whether the claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction).  Accordingly, this is an action of a civil nature in which the district courts of the United States have been conferred original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. section 1331.

11.    Pursuant to 28 U.S.C. sections 1367(a) and 1441(c), this Court has supplemental jurisdiction over Plaintiff's additional causes of action under California law as they all arise from the same nucleus of operative facts (*i.e.*, the same transactions or occurrences), namely, Plaintiff's purported employment relationship with Defendant. *See e.g., United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), superseded by statute on other grounds as stated in, *Exec. Software N. Am., Inc. v. US. Dist. Ct. for Cent. Dist. of Cal.*, 24 F.3d 1545 (9th Cir. 1994) (holding that, absent unusual circumstances, where claims based on federal law have a "common nucleus of operative fact" with those alleged under state law, federal courts should exercise supplemental jurisdiction over the

state law claims); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019) (district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy"); *see also Sea-Land Serv., Inc. v. Lozen Int'l*, 285 F.3d 808, 814 (9th Cir. 2002) ("Because the federal and state counterclaims arise from the same transaction and rely on identical facts for their resolution, they 'form part of the same case or controversy under Article III' for the purposes of supplemental jurisdiction [under 28 U.S.C. § 1367(a)]."); *Navarro v. City of Fontana*, Case No. EDCV 09-1525-VAP (DTBx), 2010 U.S. Dist. LEXIS 147141 at *5–6 (C.D. Cal. Jan. 6, 2010) ("It would be inefficient to require the California Superior Court to duplicate the work of this Court by becoming familiar with these same facts. Furthermore, the existence of two separate actions relating to the same nucleus of facts would present a risk of inconsistent rulings. Additionally, it would be inconvenient to all parties to be forced to litigate two separate actions relating to the same nucleus of facts.").

12.    Indeed, all of Plaintiff's claims would ordinarily be expected to be tried in one judicial proceeding as evidenced by the fact that Plaintiff's allegations stem from the same alleged employer/employee relationship and the purported duties and obligations of the employer and employee. *Finley v. United States*, 490 U.S. 545, 549 (1989); *see also, Rivero v. Lefeld & Son, LLC*, No. 13-81154-CIV, 2014 U.S. Dist. LEXIS 69090, 2014 WL 2095219, at *4 (S.D. Fla. May 20, 2014) (finding a common nucleus of operative fact for state law counterclaim covering a different time period than the federal claim because, like the federal claim, it stemmed "from the employer/employee relationship and the duties and obligations of [the employers and the employee]"); *see also Ouedraogo v. Durso Assocs., Inc*., No. 03 CV 1851(RLC), 2005 U.S. Dist. LEXIS 11954, 2005 WL 1423308, at *2 (S.D.N.Y. June 16, 2005) (finding employees' claims shared a common nucleus of operative fact because although some of the state claims occurred at different time periods than the federal claims, they nonetheless shared "too many common threads" because they involved "overlapping testimony, depositions and

documentation").

13.    Based on the above, Defendant's removal of the Complaint to this Court is proper pursuant to 28 U.S.C. section 1441(a) because this Court has original jurisdiction over the action pursuant to 28 U.S.C. section 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. section 1367(a).

## V.    REMOVAL BASED ON DIVERSITY JURISDICTION

14.    The Complaint and all causes of action alleged therein may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

### A.    Complete Diversity Exists Between Plaintiff and Defendant

15.    Plaintiff is now, and at the time this action commenced, a citizen of the State of California within the meaning of U.S.C. section 1332(a). Plaintiff's residence and domicile are, and were, located within the state of California, County of Los Angeles. (Whittemore Decl., ¶ 3, Exh. A. p 11, ¶ 3); *see also, Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain to which she intends to return."); *Mondragon v. Capital One Auto Finance*, 736 F3d 880, 886 (9th Cir. 2013) ("Court should consider 'the entire record' to determine whether evidence of residency can properly establish citizenship.'").)

16.    If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

17.    Defendant is now, and was at all material times, a corporation organized under the laws of the State of New York. (Whittemore Decl., ¶ 8, Exh. D.) Defendant is thus a citizen of the State of New York.

18.    Defendant is now, and was at all material times, headquartered in New York, New York. (*Id.*; *see also* Declaration of Christopher Pinchiaroli ("Pinchiaroli

Decl."), ¶¶ 7–8.) Defendant's officers and directors are employees whose offices are located at Defendant's headquarters in New York, New York. (Whittemore Decl., ¶ 8, Exh. D; Pinchiaroli Decl., ¶¶ 7–8.)  Defendant performs the vast majority of its executive and administrative functions, including coordinating its nationwide services and overall business operations, at its headquarters in New York, New York. (Whittemore Decl., ¶ 8, Exh. D; Pinchiaroli Decl., ¶¶ 7–8.)  Defendant is hence a citizen of the State of New York because its principal place of business is New York, New York.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. at 93 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities.").

19.    Therefore, for the purpose of determining jurisdiction, Defendant was not—and is not—a citizen of the State of California.  Rather, it was—and is—a citizen of the State of New York.

20.    "Doe" defendants fictitiously named, but not served, are not joined in this Notice of Removal and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

21.    Accordingly, with Plaintiff as a citizen of California, and Defendant a citizen of New York, complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. section 1332.

**B.    The Amount in Controversy Exceeds the $75,000 Jurisdictional Minimum**

22.    The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below.  28 U.S.C. § 1332(a) ("[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sums or value of $75,000, exclusive of interest and costs and is

between . . . citizens of different States."; *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

23.     Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000.  Defendant denies that Plaintiff is entitled to any damages and denies that Plaintiff will be able to recover on any of her legal theories.

24.     In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgment type evidence.  *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 908 (9th Cir. 2005); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

25.     A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum.  *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405–04 (9th Cir. 1997).

26.     Here, as addressed above, Plaintiff asserts the following causes of action: (1) Hostile Work Environment [Title VII of the Civil Rights Act of 1964]; (2) Discrimination [Title VII of the Civil Rights Act of 1964]; (3) Retaliation [Title VII of the Civil Rights Act of 1964]; (4) Wrongful Termination [Title VII of the Civil Rights Act of 1964]; (5) Hostile Work Environment Based on Race [42 U.S.C. § 1981]; (6) Wrongful Termination [California Civil Code § 51]; (7) Retaliation [Labor Code § 1102.5]; (8) Interference With Contract; (9) Interference With Prospective Economic Advantage; and (10) Unfair Business Practices. (Whittemore Decl., ¶ 2, Exh. A.)

/ / /

/ / /

1

       **1.**    **The Amount in Controversy is Measured by the Damages and**

2

             **Attorneys' Fees "At Stake" in the Litigation, to Which Plaintiff**

3

             **Would be Entitled if She Prevails**

4

       27.   In measuring the amount in controversy for purposes of diversity

5

jurisdiction, "a court must assume that the allegations of the complaint are true and

6

assume that a jury will return a verdict for the plaintiff on all claims made in the

7

complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d

8

993, 1001 (C.D. Cal. 2002) (internal quotations and citations omitted).

9

       28.   In addition, the Court should aggregate damages in determining whether the

10

controversy exceeds $75,000. Ba*nk of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*,

11

465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks

12

to aggregate two or more of her own claims against a single defendant") (internal

13

quotations omitted).

14

       29.   Further, as instructed by the Ninth Circuit in *Chavez*, "the amount in

15

controversy is not limited to damages incurred prior to removal—for example, it is not

16

limited to wages a plaintiff-employee would have earned before removal (as opposed to

17

after removal)[; but] rather, the amount in controversy is determined by the complaint

18

operative at the time of removal and encompasses all relief a court may grant on that

19

complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15; *see e.g.*, *Goldberg*

20

*v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into

21

account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518

22

F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory

23

attorney's fee can be considered in determining whether the jurisdictional amount is

24

met.").

25

       30.   Here, Plaintiff seeks: 1) **economic damages** for lost wages; 2) **liquidated**

26

**damages**; 3) **non-economic** damages for emotional distress; 4) **punitive damages**; and

27

5) **attorney's fees**, interest, and cost. (Whittemore Decl., ¶ 2, Exh. A., Prayer for Relief.)

28

Each are discussed in turn.

30.    **Lost Wages**: Defendant has a reasonable good faith belief that Plaintiff is seeking damages in excess of the $75,000 jurisdictional requirement.  Plaintiff alleges she "has sustained economic . . . injuries, resulting in damages in an amount to be proven at trial" and thereby seeks "lost wages [and] compensation."  (Whittemore Decl., ¶ 2, Exh. A, ¶¶ 21, 27, 34, 41, 54, 66, 72, 78, 83 and Prayer for Relief, ¶¶ 4, 6.)

31.    At the time of her last day working with Defendant, approximately February 24, 2021, Plaintiff was paid commissions of $81,110.80, or $6,759.23 per month or $1,559.82 per week. (Pinchiaroli Decl., ¶ 5.)

32.    Under a conservative estimate, any judgment in this case will likely be rendered no earlier than June 2024, or 23.5 months from the date of filing.[1]  Therefore, based on the time between when Plaintiff's contractual relationship with Defendant ended, February 24, 2021, and when her case may be heard, if Plaintiff is successful in her claims against Defendant, she could be entitled to approximately three years of back pay, plus another two years of front pay by the time of trial for a total of **$405,554** in economic damages ($81,110.80 per year x 5 years).  These damages alone exceed the requisite jurisdictional amount.

33.    **Liquidated Damages**:  Plaintiff seeks liquidated damages. (Whittemore Decl., Exhibit A, Prayer for Relief, ¶ 5.) Generally, a court may award liquidated damages under 29 U.S.C. section 216(b) in amount equal to that owed plaintiff as unpaid wages. *Russell v. Wells Fargo & Co*., 672 F. Supp. 2d 1008 (N.D. Cal. 2009*); Bullock v. Pizza Hut, Inc*., 429 F. Supp. 424 (M.D. La. 1977); *Conklin v. Joseph C. Hofgesang Sand Co*., 407 F. Supp. 1090 (W.D. Ky. 1975). Should Plaintiff be awarded lost wages—though Defendant contends that Plaintiff should not be awarded any lost wages—that amount would be doubled pursuant to 29 U.S.C. section 216(b).  Therefore, Plaintiff could obtain up to **$811,108** in liquidated damages.

---

[1] Pursuant to 28 U.S.C. § 604(a)(2), the Federal Court Management Statistics, March 2022, indicates that in the Central District of California, the median time from filing a civil action in federal court to trial is 23.5 months. (Whittemore Decl., ¶ 9; *see also* Defendant's Request for Judicial Notice ¶ 9.) Defendant requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

34.    **Emotional Distress Damages**: Plaintiff also seeks special damages and damages associated with "emotional injuries" in an unspecified amount to be proven at trial. (Whittemore Decl., ¶ 2, Exhibit A, ¶¶ 21, 27, 34, 41, 54, 66, 72, 78, 83 and Prayer for Relief, ¶ 1.)

35.    Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint.  Importantly, "a defendant does not need to show that cases are factually similar [but rather] **only that the cases are 'analogous,' which [courts have] interpret[ed] to mean involving the same cause of action**. *Saldana v. Home Depot USA, Inc.*, 2016 U.S. Dist. LEXIS 80064, at *9 (E.D. Cal. June 20, 2016); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involved distinguishable facts is not dispositive . . . [because] the jury verdicts in [the cited] cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases").

36.    Defendant vigorously denies Plaintiff's allegations. However, if Plaintiff were to prevail, an award for emotional damages alone could exceed the $75,000 jurisdictional minimum. *See e.g.*, Defendant's Request for Judicial Notice ("RJN"), Exh. 1, *Eun Joo Ko v. Square Grp., LLC dba The Square Supermarket*, Case No. BC487739 (Cal. Super. Ct. June 16, 2014) (**$125,000** in emotional distress damages for wrongful termination); RJN, Exh. 2, *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (jury verdict of $250,000 for pain and suffering in discrimination case); RJN, Exh. 3, *Kolas v. Access Bus. Grp. LLC*, Case No. BC364232 (Cal. Super.  Jan. 14, 2008) (**$200,000** in emotional distress damages for wrongful termination claim); RJN, Exh. 4, *Kimberly Landis v. Pinkertons, Inc.*, 122 Cal.App.4th 985, 988 (2004) (**$275,000** emotional distress damages awarded in wrongful termination case).

37.    **Punitive Damages**: Plaintiff further alleges "Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard" of her rights and, thus, she is entitled to punitive damages. (Whittemore Decl., ¶ 2, Exh. A, ¶¶ 22, 28, 35, 42, 55, 67, 73, 79, 84 Prayer for Relief ¶ 2.) Although Defendant vigorously denies

Plaintiff's allegations, and certainly denies that an award of punitive damages would be appropriate, Plaintiff's request for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F.Supp.2d 1005, 1008 (E.D. Cal. 2011).

38. To establish the amount in controversy, particularly with respect to punitive damages, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons*, 209 F.Supp.2d at 1033; *Kroske*, 432 F.3d at 980. Notably, the facts of "comparator cases" relied upon by a removing defendant do not require identical facts and need not quantify an exact value of damages. *See Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *3 (C.D. Cal. 2018) ("Overall, district courts appear to require only "analogous" or even "similar" exampled, not identical cases."); *Castillo v. ABM Indus., Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. 2017 (same); *Castle v. Lab. Corp. of Am.*, 2017 WL 2111591, at *4 (C.D. Cal. 2017) (same).

39. Therefore, here, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See* RJN, Exh. 5, *Navarro v. 4Earth Farms, Inc. et al.*, 2019 Cal.App.Unpub. LEXIS 986, at *11 (2019) (award of **$100,000** in punitive damages in disability discrimination and wrongful termination case); RJN, Exh. 6, *Tapia v. San Gabriel Transit, Inc.*, Case No. BC482433 (Cal. Super. Ct. Nov. 16, 2015) (awarding **$400,000** in punitive damages in discrimination and wrongful termination case).

40. **Attorney's Fees**: Plaintiff also seeks attorneys' fees pursuant to Title VII of the Civil Rights Act of 1964, California Government Code section 12965(b), and California Labor Code sections 218.5 and 1194. (Whittemore Decl., Exh. A, ¶¶ 23, 29, 36, 43, 56, 68, 74, 91 Prayer for Relief ¶ 3.)

41. It is appropriate to consider post-removal attorneys' fees in calculating the amount in controversy. *See Chavez*, 88 F.3d at 417; *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018); *Bernstein v. BMW of N. Am., LLC*, 2018

WL 2210683, at *2 (N.D. Cal. 2018.)

42.    Here, Defendant's counsel reasonably estimates that attorneys' fees alone will exceed the sum of $75,000 through trial, if Plaintiff were to prevail. (Whittemore Decl., ¶ 8.) Defendant's attorney, Elisabeth F. Whittemore, has represented employers in employment litigation for approximately six years in California and is familiar with fees awarded to plaintiff's counsel in similar actions filed in California and federal court. (*Id.*) Based on Ms. Whittemore's experience and Plaintiff's allegations, it would be reasonable to expect that attorneys' fees alone in this case will exceed the sum of $75,000 through trial. *Id.*; *see also e.g.*, RJN, Exh. 7, *Lave v. Charter Comms. LLC*, 2020 Cal.App.Unpub. LEXIS 8483, at *1, *8, *27, *32 (2020) (plaintiff awarded **$400,800** in attorneys' fees for disability discrimination, failure to prevent discrimination, failure to accommodate, and wrongful termination); RJN, Exh. 8, *Perry v. eGumball, Inc.*, Case No. 30-2013-00692868-CU-WT-CJC (Cal. Super. Ct. Jun. 18, 2015) (ordering payment of reasonable attorney fees, with the plaintiff's counsel claiming fees in excess of **$1 million**).

43.    Accordingly, Plaintiff's demand for lost wage damages, emotional distress damages, punitive damages, and attorneys' fees combined show that the amount "at stake" exceeds the $75,000 jurisdictional threshold. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

44.    For the foregoing reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1331 and 1332, supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. section 1367(a), and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## VI.    <u>NOTICE TO COURT AND PARTIES</u>

45.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will filed with the Clerk of the Superior Court for the State of California,

County of Los Angeles.

46.    This Notice of Removal is signed by Defendant's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## VII.    **CONCLUSION**

47.    Based on the foregoing, Defendant removes this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441, *et seq.* because the action arises, at least in part, under federal law and pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441, *et seq.* because the action arises between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

48.    Defendant therefore may remove this State Court Action to this Court pursuant to 28 U.S.C. section 1441. Defendant respectfully requests that this Court exercise its removal jurisdiction over this entire action under 28 U.S.C. sections 1331, 1332, 1367, 1441(a) and 1441(b).


Dated: June 15, 2022                          JACKSON LEWIS P.C.


                                        By:    */s/ Jeremy D. Lewis*
                                               Bren K. Thomas
                                               Elisabeth F. Whittemore
                                               Jeremy D. Lewis

                                               Attorneys for Defendant
                                               NEW YORK LIFE INSURANCE
                                               COMPANY

4862-7405-4664, v. 5